IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIKE NARDINI,<br><br>*Plaintiff*<br>v.<br><br>TECHNICAL EDUCTAION SERVICES, INC. D/B/A AVIATION INSTITUTE OF MAINTENANCE,<br><br>*Defendant.* | CIVIL ACTION<br>FILE NO.: |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Mike Nardini ("Plaintiff"), by and through his undersigned counsel of record and files this Complaint against his former employer Technical Education Services, Inc. *d/b/a* Aviation Institute of Maintenance for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*, showing the Court as follows:

### **Jurisdiction and Venue**

**1.**

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 29 U.S.C. § 216(b).

**2.**

Defendant Technical Education Services, Inc. *d/b/a* Aviation Institute of Maintenance is a business located at 2025 Satellite Pointe, Duluth, Georgia 30096 and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. Benjamin Sitton, 2025 Satellite Pointe, Duluth, Georgia 30096. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

**3.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a corporation that is deemed to conduct business in this judicial district under 28 U.S.C. § 1391(c) and a substantial part of the events giving rise to Plaintiff's claim against Defendant occurred in this district.

**4.**

Venue in the Atlanta Division of the Northern District of Georgia is proper because the Defendant conducts business within this division. LR 3.1 (B)(1)(a), NDGa.

**Factual Allegations**

**5.**

At all times relevant to this Complaint, Defendant maintained offices in Georgia, conducted substantial business in Georgia, and was registered with the Georgia Secretary of State.

**6.**

Upon information and belief, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. §203(d).

**7.**

Defendant is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales [] or business done exceeds $500,000.00 and its "employees engage in commerce" or in the production of services for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**8.**

Defendant is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

**9.**

Defendant is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C.

§§ 207, 215.

**10.**

Plaintiff was employed by Defendant as a welding instructor from approximately March 15, 2015 through January 8, 2016.

**11.**

Plaintiff reported to work at Defendant's Duluth, Gwinnett County, Georgia location.

**12.**

Plaintiff's duties included instructing welding students, changing air filters in the welding shop, building a steel cage for storage and cabinet for welding supplies, changing filters, repairing welding booths, taking scrap metal to be picked up for scrap, and sweeping, mopping, and cleaning the welding shop at the end of the week.

**13.**

Plaintiff was Defendant's "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**14.**

Throughout his employment, Plaintiff earned $18.50 per hour.

**15.**

Throughout his employment, Defendant routinely required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

**16.**

Defendant regularly required Plaintiff to work 82 or 88 hours per week.

**17.**

If Plaintiff was required to miss work because of sickness or otherwise, Defendant withheld pay from his earnings.

**18.**

Plaintiff did not work less than forty (40) hours per week without Defendant reducing his pay.

**19.**

Plaintiff was not employed by Defendant in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any other exemptions contained in the FLSA or in any regulations interpreting the FLSA during his employment.

**20.**

Defendant failed to pay Plaintiff for any overtime worked.

## Count I - Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)

**21.**

Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

**22.**

Defendant violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who was a non-exempt employee.

**23.**

Defendant's violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a).

**24.**

Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by her at any time during the three-year period immediately preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

**Wherefore**, Plaintiff prays

(a) that process issue against Defendant as provided by law;

(b) that, as to Count I, the Court enter judgment against Defendant and in favor of Plaintiff for her unpaid overtime wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest, court costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c) for such further and additional relief as the Court deems just and equitable; and

(d) for trial by jury.

This 6th day of June 2017.

                          *s/Kristine Orr Brown*
                          Kristine Orr Brown
                          GA. Bar No. 554630
                          ATTORNEY FOR PLAINTIFF

**ORR, BROWN & BILLIPS, LLP**
Post Office Box 2944
Gainesville, Georgia 30503
770-534-1980
770-536-5910 (facsimile)
kbrown@orrbrownandbillips.com